# EXHIBIT A

FILED
12 APR 19 PM 3:03

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 12-2-14378-1 SEA

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

IN AND FOR KING COUNTY

| | |
|---|---|
| AHSON AZIZ, on his own behalf and on the behalf of all others similarly situated,<br><br>　　　　　　Plaintiffs<br><br>　　v.<br><br>KNIGHT TRANSPORTATION INC., an Arizona Corporation,<br><br>　　　　　　Defendant. | CLASS ACTION<br><br>No.<br><br>COMPLAINT |

Plaintiff, individually and on behalf of all others similarly situated, by and through their counsel, for their Complaint against Defendant hereby state and allege as follows:

## I.   INTRODUCTION

1. Defendant Knight Transportation Inc. (KT) is a truckload company that services customers through 29 regional service centers.  They are in the business of delivering goods for their customers by use of trucks.  Defendant has over 3,500 employees nationwide.  Upon information and belief Defendant has employed more than 50 driver employees in Washington State in the last three years.  Defendant's policy and practice is to deny wages and overtime pay to its driver

COMPLAINT
Page 1 of 13

The Rekhi Law Firm, PLLC
1411 Fourth Avenue
Suite 1101
Seattle, WA  98101
Phone: (206) 388-5887

employees, by failing to pay them for all time worked.  Defendant's deliberate failure to pay driver employees their earned wages and overtime compensation violates Washington Law.

2. Plaintiff and Class members are current and former driver employees employed by Defendant in the State of Washington who have been victimized by the Defendant's unlawful compensation practices.  This lawsuit is brought as a class action under state law to recover unpaid wages owed to the individual Plaintiff and all other similarly situated employees.

## II.   JURISDICTION AND VENUE

3. Venue is proper in King County because Plaintiff Aziz has resided in King County and worked for Defendant in King County where the violations alleged herein occurred. In addition, Defendant transacts business in King County and many of the specific acts, as well as the course of conduct alleged herein, occurred in King County.

4. The Defendant is within the jurisdiction of this Court.  Defendant does business in the State of Washington and has operations in King County.  Defendant is registered in the State of Washington.  Defendant has obtained the benefits of the laws of the State of Washington and the Washington retail and labor markets.

## III.   PARTIES

5. Defendant KT is an Arizona corporation, registered in the state of Washington.

6. Named Plaintiff Ahson Aziz was a resident of Seattle, in the County of King, State of Washington during his employment with Defendant KT.  Mr. Aziz worked as a driver for Defendant in Defendant's Tukwila and/or Kent, Washington, Terminal beginning on about July 2010; he was terminated by Defendant in June 2011.

COMPLAINT
Page 2 of 13

The Rekhi Law Firm, PLLC
1411 Fourth Avenue
Suite 1101
Seattle, WA  98101
Phone: (206) 388-5887

## IV.   CLASS ACTION ALLEGATIONS

7. Plaintiff brings this case as a class action pursuant to Washington Civil Rule 23 on behalf of a class consisting of:

> All current and former driver employees who worked for Knight Transportation, Inc. who were based or resided in the State of Washington for any period of time in the last three years.

Excluded from this Class are Defendant, any entity in which Defendant has a controlling interest or which has controlling interest in Defendant, and Defendant's legal representatives, assignees and successors. Also excluded are the Judge(s) to whom this case is assigned and any member of the Judge's immediate family.

8. Plaintiff believes there are least 50 current and former employees in the Class.

9. Plaintiff's claims are typical of the claims of the members of the Class because he was a truck driver who, like the members of the Class, sustained damages arising out of Defendant's failure to pay wages, including overtime.

10. Plaintiff will fairly and adequately protect the interests of the Class members. Plaintiff has retained counsel competent and experienced in complex and class action litigation, including employment law.

11. Common questions of law and fact exist as to Plaintiff and all members of the Class and predominate over any questions solely affecting individual members of the Class.  Among the questions of law and fact common to Plaintiff and the Class are:

   a. Whether Defendant failed to properly compensate Plaintiff and the Class for all time worked;

   b. Whether Defendant failed to pay Plaintiff and the Class for the work Defendant permitted them to perform;

COMPLAINT
Page 3 of 13

The Rekhi Law Firm, PLLC
1411 Fourth Avenue
Suite 1101
Seattle, WA  98101
Phone: (206) 388-5887

    c.   Whether Defendant failed to keep true and accurate time records for all hours worked by Plaintiff and the Class;

    d.   Whether Defendant violated RCW 49.46.130 as to Plaintiff and the Class;

    e.   Whether Defendant violated RCW 49.12 et. seq as to Plaintiff and the Class

    f.   Whether Defendant violated RCW 49.48.010 as to Plaintiff and the Class;

    g.   Whether Defendant violated RCW 49.46.090 as to Plaintiff and the Class;

    h.   Whether Defendant violated RCW 49.52.050 as to Plaintiff and the Class;

    i.   Whether Defendant violated WAC 296-128-010 as to Plaintiff and the Class;

    j.   Whether Defendant violated WAC 296-126-011 as to Plaintiff and the Class;

    k.   Whether Defendant violated WAC 296-126-040 as to Plaintiff and the Class;

    l.   Whether Defendant violated WAC 296-126-025 as to Plaintiff and the Class;

    m.   Whether Defendant violated WAC 296-126-023 as to Plaintiff and the Class;

    n.   Whether Defendant violated WAC 296-126-030 as to Plaintiff and the Class;

    o.   Whether Defendant violated WAC 296-128-012 as to Plaintiff and the Class;

    p.   Whether Defendant violated RCW 19.86 et. seq. as to Plaintiff and the Class; and,

    q.   The nature and extent of class-wide injury and the measure of compensation for such injury.

12. Class action treatment is superior to the alternative for the fair and efficient adjudication of the controversy alleged herein.  Such treatment will permit a large number of similarly situated persons to prosecute their modest, purely economic, common claims in a single forum simultaneously, efficiently and without duplication of effort and expense that numerous individual actions would entail.  No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for

COMPLAINT  
Page 4 of 13

The Rekhi Law Firm, PLLC  
1411 Fourth Avenue  
Suite 1101  
Seattle, WA  98101  
Phone: (206) 388-5887

the fair and efficient adjudication of this controversy. The Class is readily identifiable from Defendant's records.

13. Defendant has acted on grounds generally applicable to the entire Class, thereby making a final injunctive relief or corresponding declaratory relief appropriate with respect to the Class as a whole. Prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class that would establish incompatible standards of conduct for Defendant.

14. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all matters is impractical. Furthermore the amounts at stake for many of the class members, while substantial to them, are not great enough to hire an attorney to prosecute individual suits against Defendant.

15. Without a class action, Defendant will likely continue its course of illegal action which will cause further damage to Plaintiff and the Class.

### V.   SUMMARY OF ALLEGATIONS

16. Beginning at a date currently unknown to Plaintiff, but at least as early as July 2010, Defendant committed, and continues to commit, acts of wage abuse against its employees, specifically drivers, including, but not limited to, forcing or permitting Plaintiff and Class members to work and failing to pay Plaintiff and the Class their wages due and owing, including wages for overtime worked.

17. Defendant has failed to pay Plaintiff and the Class for all time that they have worked as employees.

COMPLAINT
Page 5 of 13

The Rekhi Law Firm, PLLC
1411 Fourth Avenue
Suite 1101
Seattle, WA  98101
Phone: (206) 388-5887

18. Defendant has failed to pay minimum wage to Plaintiff and the Class for work performed, including, but limited to, work performed when not driving and mandatory orientations. Defendant also violated minimum wage law by not allowing and/or paying Plaintiff and the Class for break periods.

19. Defendant has failed to pay Plaintiff and the Class minimum wage for mandatory employment orientation.

20. Defendant has made unlawful deductions from the wages of Plaintiff and the Class and did not clearly indicate deductions being made.

21. Defendant's payment process system, including use of payroll cards, has not allowed Plaintiff and certain members of the Class to receive the full value of their wages.

22. Defendant failed to advise Plaintiff and the Class of fees and costs deducted for use of payroll cards.

23. Defendant failed to offer Plaintiff and the Class members a payroll check as an alternative to the payroll cards, which charged a fee for access to the employees' wages

24. Defendant benefited from the fees charged to Plaintiff and certain Class members for the use of the payroll cards.

25. RCW 49.46.010 defines wage as "compensation due to an employee by reason of employment, payable in legal tender of the United States or checks on banks convertible into cash on demand at full face value, subject to such deductions, charges, or allowances as may be permitted by rules of the director." Defendant failed to pay Plaintiff and the Class in "legal tender or checks on banks convertible into case into cash on demand at full case value." Instead Defendant paid Plaintiff and certain Class members through use of a payroll card.  In order for such employees

COMPLAINT
Page 6 of 13

The Rekhi Law Firm, PLLC
1411 Fourth Avenue
Suite 1101
Seattle, WA  98101
Phone: (206) 388-5887

to convert money placed on the payroll card into cash, they were required to pay a fee.  Defendant did not inform Plaintiff and Class members of the fee.

**26.** Defendant failed to furnish proper payroll documents to Plaintiff and the Class in a timely manner.

**27.** Defendant failed to pay Plaintiff and the Class wages promised.

## VI.   FIRST CLAIM FOR RELIEF
### (Breach of Contract)

**28.** Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

**29.** At the time Plaintiff and members of the Class accepted employment with Defendant, they were hired to work at a fixed mileage rate.  Plaintiff and Class members were expressly told the rate they would earn for each mile driven.  While no written employment document entitled employment agreement, Plaintiff and the Class members were provided with a copy of Defendant's Handbook which embodies the terms of their employment and to which they were directed to refer if they had any questions regarding employment.

**30.** Upon information and belief this handbook is a standardized, uniform document.  Neither the Plaintiff nor the Class members had an opportunity to negotiate the terms of their employment contracts.

**31.** Defendant breached its contract by not paying Plaintiff and the Class members for all hours worked.

**32.** Defendant breached its contract by permitting and encouraging Plaintiff and the Class members to work during mandated meal and/or rest periods.

COMPLAINT
Page 7 of 13

The Rekhi Law Firm, PLLC
1411 Fourth Avenue
Suite 1101
Seattle, WA  98101
Phone: (206) 388-5887

33. Defendant is liable to Plaintiff and Class members for damages incurred as a result of Defendant's failure to provide rest and/or meal breaks and compensation in instances where rest and meal breaks were interrupted to perform work.

### VII.   SECOND CLAIM FOR RELIEF
(Minimum Wage Act: RCW 49.46.130)

34. Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

35. RCW 49.46.130 provides that no employer shall employ any employee for a workweek longer than 40 hours unless the employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and half times the regular rate at which he is employed.  RCW 49.46.130 (f) excludes an individual employed as a truck or bus driver who is subject to the provisions of the Federal Motor Carrier Act (49 U.S.C. Sec. 3101 et seq. and 49 U.S.C. Sec. 10101 et seq.), if the compensation system under which the truck or bus driver is paid includes overtime pay, reasonably equivalent to that required by this subsection, for working longer than forty hours per week.  Upon information and belief Defendant did not employ a "reasonably equivalent" method to pay overtime to Plaintiff and Class members.

36. WAC 296-128-012 provides a method for compensating truck drivers for overtime pay. Defendant did not compensate Plaintiff and Class members for overtime worked.

37. Defendant created a mandatory orientation program for Plaintiff and Class members. Defendant failed to pay Plaintiff and Class members minimum wage for time worked during the mandatory driver orientation program.

38. Defendant failed to pay Plaintiff and Class members for time worked when they were not driving, but still performing work for Defendant.

COMPLAINT
Page 8 of 13

The Rekhi Law Firm, PLLC
1411 Fourth Avenue
Suite 1101
Seattle, WA  98101
Phone: (206) 388-5887

39. Defendant also violated the Minimum Wage Act by not allowing and/or paying Plaintiff and the Class for break periods.

40. By the actions alleged above, Defendant violated the provisions of RCW 49.46.130.

41. As a result of the unlawful acts of Defendant, Plaintiff and the Class have been deprived of compensation in amounts to be determined at trial, and pursuant to RCW 49.46.130 are entitled to recover such amounts, including interest thereon, attorneys' fees and costs.

## VIII.   THIRD CLAIM OF RELIEF
(Unpaid Wages on Termination: RCW 49.48)

42. Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

43. RCW 49.48.010 provides that "when any employee shall cease to work for an employer, whether by discharge or by voluntary withdrawal, the wages due him on account of his employment shall be paid to him at the end of the established pay period." The statute further states that it shall be unlawful for "any employer to withhold or divert any portion of an employee's wages."

44. By the actions alleged above, Defendant violated the provisions of RCW 49.48.010.

45. As a result of the unlawful acts of Defendant, Plaintiff and the Class have been deprived of overtime compensation and straight time in amounts to be determined at trial, and pursuant to RCW 49.48.030 are entitled to recover of such amounts, including interest thereon, attorneys' fees and costs.

## IX.    FOURTH CLAIM FOR RELIEF
(Payment of Wages Less Than Entitled: RCW 49.46.090)

46. Plaintiff and the Class reallege and incorporate by reference each and every allegation set

COMPLAINT
Page 9 of 13

The Rekhi Law Firm, PLLC
1411 Fourth Avenue
Suite 1101
Seattle, WA  98101
Phone: (206) 388-5887

forth in the preceding paragraphs.

**47.** Under RCW 49.46.090, employers must pay employees all wages to which they are entitled under The Washington Minimum Wage Act. If the employer fails to do so, RCW 49.46.090 requires that the employer pay the employees the full amount of the statutory minimum wage rate less any amount actually paid to the employees.

**48.** By the actions alleged above, Defendant violated the provisions of RCW 49.46.090 and the WMWA by failing to pay any wage whatsoever to Plaintiff and the Class for part of time they worked, including but not limited to, orientation, driving inspections, load and unload times, and wait times. Defendant failed to pay Plaintiff and the Class at all for certain hours worked.

**49.** As a result of the unlawful acts of Defendant, Plaintiff and the Class have been deprived of overtime compensation and straight time in amounts to be determined at trial, and pursuant to RCW 49.46.090 and 49.48.030 are entitled to attorneys' fees and costs.

## X.   FIFTH CLAIM FOR RELIEF
### (Unlawful Deductions)

**50.** Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

**51.** Defendant made deductions from Plaintiff and the Class wages, including but not limited to, for per diem expenses in an attempt to gain a tax advantage. This was disadvantageous to Plaintiff and the Class. Further, Plaintiff and the Class's wages were reduced below the agreed upon rate. Plaintiff and the Class were not informed of the deductions.

**52.** Upon information and belief, Defendant made deductions from Plaintiff and the Class member's wages for administrating the per diem program.

COMPLAINT
Page 10 of 13

The Rekhi Law Firm, PLLC
1411 Fourth Avenue
Suite 1101
Seattle, WA  98101
Phone: (206) 388-5887

53. By the actions alleged above, Defendant violated Washington laws. As a result of the unlawful acts of Defendant, Plaintiff and the Class have been deprived of compensation for time worked. Pursuant to RCW 49.52.060. RCW 49.48.010 and RCW 49.46.090, Plaintiffs and the Class are entitled to recover attorneys' fees and costs of suit.

## XI.   SIXTH CLAIM FOR RELIEF
### (Willful Refusal to Pay Wages: RCW 49.52.050)

54. Plaintiffs and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

55. RCW 49.52.050(2) provides that any employer who "willfully and with intent to deprive the employee of any part of his wages, pays any employee a lower wage than the wage such employer is obligated to pay such employee by any statute, ordinance, or contract" is guilty of a misdemeanor.

56. RCW 49.52.070 provides that any employer who violates the foregoing statute shall be liable in a civil action for twice the amount of wages withheld, together with costs of suit and reasonable attorney fees.

57. The alleged unlawful actions by Defendant against Plaintiff and the Class, as set forth above, were committed willfully and with intent to deprive Plaintiff and the Class of part of their wages.

58. As such, based on the above allegations, Defendant violated the provisions of RCW 49.52.050.

59. As a result of the unlawful acts of Defendant, Plaintiff and the Class have been deprived of overtime and straight time compensation in amounts to be determined at trial, and pursuant to RCW 49.52.070 are entitled to recovery of twice such amounts, including interest thereon, attorneys' fees and costs.

COMPLAINT
Page 11 of 13

The Rekhi Law Firm, PLLC
1411 Fourth Avenue
Suite 1101
Seattle, WA  98101
Phone: (206) 388-5887

## XII.  SEVENTH CLAIM FOR RELIEF
### (Violation of Washington's Consumer Protection Act: RCW 19.86)

60.  Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

61. Defendant engaged in unfair or deceptive acts or practices when it: (i) failed to pay Plaintiff and Class members wages owed; (ii) advertised pay ranges above the wages actually paid to Plaintiff and Class members; (iii) failed to pay Plaintiff and Class members the agreed upon mileage rate; (iv) failed to pay Plaintiff and Class members for overtime worked; (v) violated RCW 49.46.30; (vi) made unlawful deductions, including failure to inform Plaintiff and Class members; (vii) failed to inform Plaintiff and Class members of fees and costs charged for accessing wages, benefiting therefrom.

62. Defendant's unfair or deceptive acts or practices repeatedly occurred in Defendant's trade or business, and were capable of deceiving a substantial portion of the public.

63. As a direct and proximate cause of Defendant's unfair or deceptive acts or practices, Plaintiff and the Class have suffered actual damages, in that Plaintiff and Class members were wrongfully denied the payment of wages and were prevented from taking rest and meal breaks.

64. As a result of Defendant's unfair and deceptive practices, Plaintiff and the Class are entitled, pursuant to RCW 19.86.090, to recover treble damages, reasonable attorneys' fees, and costs.

## XIII.  PRAYER FOR RELIEF

Wherefore, Plaintiff, on his own behalf and on behalf of the members of the Class, Pray for judgment against the Defendant as follows:

A.  Certification of the proposed Plaintiff Class;

COMPLAINT
Page 12 of 13

The Rekhi Law Firm, PLLC
1411 Fourth Avenue
Suite 1101
Seattle, WA  98101
Phone: (206) 388-5887

B. A declaration that Defendant is financially responsible for notifying all Class members of its wage and hour violations;

C. Appoint Plaintiff Ahson Aziz as Class representative;

D. Appoint the undersigned counsels as Class counsel;

E. Declare that the actions complained of herein violate Washington law and administrative codes;

F. Award Plaintiff and the Class compensatory and exemplary damages;

G. Enjoin Defendant and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, patterns, and policies set forth herein;

H. Award Plaintiff and the Class attorneys' fees and costs, as allowed by law;

I. Award Plaintiff and the Class pre-judgment and post-judgment interest, as provided by law; and

J. Grant such other and further relief as this Court deems necessary.

DATED this 19th day of April, 2012.

| THE REKHI LAW FIRM, PLLC | GREG WOLK, P.S. |
|---|---|
| By: s/ Hardeep S. Rekhi | By: s/ Gregory A. Wolk |
| Hardeep S. Rekhi, WSBA No. 34579 | Gregory A. Wolk, WSBA No. 28946 |
| 1411 Fourth Avenue, Suite 1101 | 1411 Fourth Ave. Ste. 1101 |
| Seattle, WA 98101 | Seattle, WA 98101 |
| Telephone: (206) 388-5887 | Telephone: (206) 965-9998 |
| Fax: (206) 577-3924 | Fax: (206) 965-9911 |
| E-Mail: hsrekhi@rekhilawfirm.com | E-Mail: greg@gregwolklaw.com |
| Attorney for Plaintiffs | Attorney for Plaintiffs |

COMPLAINT
Page 13 of 13

The Rekhi Law Firm, PLLC
1411 Fourth Avenue
Suite 1101
Seattle, WA 98101
Phone: (206) 388-5887