UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                        )
AHSON AZIZ, on behalf of himself        )   No. 2:12-cv-00904RSL
and all others similarly situated,      )
                                        )
                       Plaintiff,       )
            v.                          )
                                        )   ORDER GRANTING DEFENDANT'S
KNIGHT TRANSPORTATION., an              )   MOTION TO DISMISS AND
Arizona Corporation                     )   GRANTING PLAINTIFF'S REQUEST
                       Defendant.       )   FOR LEAVE TO AMEND COMPLAINT
_____)

This matter comes before the Court on defendant's motion to dismiss plaintiff's Washington Consumer Protection Act ("CPA") claim for relief. Dkt. # 6. Defendant argues that the claim should be dismissed because it (1) fails to state a claim upon which relief can be granted or (2) does not satisfy the notice pleading requirement of Rule 8.

In the context of a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the allegations of the complaint are accepted as true and construed in the light most favorable to plaintiff. In re Syntex Corp. Sec. Litig., 95 F.3d 922, 925-26 (9th Cir. 1996); LSO, Ltd. v. Stroh, 205 F.3d 1146, 1150 n.2 (9th Cir. 2000). The question for the Court is whether the well-pled facts in the complaint sufficiently state a "plausible" ground for relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Although a complaint need not provide detailed factual allegations, it must offer "more than labels and conclusions" and contain more than a "formulaic recitation of the elements of a

ORDER GRANTING DEFENDANT'S MOTION
TO DISMISS AND GRANTING PLAINTIFF'S
REQUEST FOR LEAVE TO AMEND COMPLAINT

cause of action." Twombly, 550 U.S. at 555.  If the complaint fails to state a cognizable legal theory or fails to provide sufficient facts to support a claim, dismissal is appropriate.  Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984).  Having reviewed the papers submitted by the parties,[1] the Court finds as follows:

## BACKGROUND

Plaintiff asserts claims based on breach of contract, violations of Washington State's wage and hour laws, and violations of the CPA.  Plaintiff alleges that defendant hired plaintiff and putative class members to work as truck drivers, that defendant advertised pay ranges that exceed the actual wages paid, that defendant agreed to compensate truck drivers at a fixed mileage rate but did not compensate plaintiff for all hours worked or for overtime.  Finally, plaintiff alleges that defendant made unlawful deductions from class members' wages, including the imposition of fees for accessing wages.

## DISCUSSION

The CPA prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce."  RCW 19.86.020.  A private cause of action exists under the CPA if (1) the conduct is unfair or deceptive, (2) occurs in trade or commerce, (3) affects the public interest, and (4) causes injury (5) to plaintiff's business or property.  Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wn.2d 778, 780 (1986).  Defendant argues that most of the conduct alleged in support of the CPA claim is not "deceptive" for purposes of the CPA and that the false advertising allegation is not adequately pled.

The CPA does not define "unfair or deceptive."  Whether an act is unfair or deceptive is a question of law.  Leingang v. Pierce County Med. Bureau, Inc., 131 Wn.2d 133, 150 (1997).

---

[1] Having reviewed the papers submitted by the parties, the Court finds that this matter can be decided without oral argument.

ORDER GRANTING DEFENDANT'S MOTION
TO DISMISS AND GRANTING PLAINTIFF'S
REQUEST FOR LEAVE TO AMEND COMPLAINT  -2-

Washington courts have held that a deceptive act must have the capacity to deceive a substantial portion of the population (Sing v. John L. Scott, Inc., 134 Wn.2d 24, 30 (1997)) and "misleads or misrepresents something of material importance" (Holiday Resort Cmty. Ass'n v. Echo Lake Assocs., LLC, 134 Wn. App. 210, 226 (2006)). This element is distinct from the third element of public interest impact and focuses on the act's capacity to deceive rather than its actual impact on the public. May v. Honeywell Int'l, Inc., 331 Fed. Appx. 526, 529 (9th Cir. 2009). See also Henery v. Robinson, 67 Wn. App. 277, 291 (1992).

The Court finds that an act which violates the wage-and-hour laws may, in appropriate circumstances, also form the basis for a CPA claim. See Kirkpatrick v. Ironwood Communications, Inc., C05-1428JLR, 2006 WL 2381797 (W.D. Wash. Aug. 16, 2006) (citing Hangman Ridge for the proposition that "[t]he existence of Washington statutes more specifically tailored to [defendant's] alleged misconduct is . . . not an automatic bar to a CPA claim."). If an act related to employment and wages has the capacity to deceive a substantial portion of the public, a violation may exist. As the court found in Kirkpatrick, advertising employment opportunities that contain false representations regarding wages or benefits and for which a substantial portion of the public may apply[2] satisfies the first element of a CPA claim.

Defendant's concern that Kirkpatrick will result in an unwarranted expansion of the CPA to cover all statutory and regulatory violations is misplaced. The wrongful act in Kirkpatrick, as in this case, was not merely the failure to comply with Washington's wage laws, but rather the payment of wages at rates below what defendant represented to plaintiff and the general public. In other words, the CPA does not impose a requirement that wages be paid in conformity with Washington law or provide a secondary enforcement mechanism for the wage and hour

---

[2] For purposes of this motion, the Court assumes that the portion of the public who could potentially be employed as truck drivers by defendant is far larger than the number of incredibly wealthy consumers who were eligible for the tax shelters that were at issue in Swartz v. KPMG, LLC, 401 F. Supp.2d 1146, 1153-54 (W.D. Wash. 2004), aff'd in relevant part, 476 F.3d 756 (9th Cir. 2007).

ORDER GRANTING DEFENDANT'S MOTION
TO DISMISS AND GRANTING PLAINTIFF'S
REQUEST FOR LEAVE TO AMEND COMPLAINT  -3-

regulations.  The CPA may, however, be used to sanction an employer for making untrue representations regarding wages that had the capacity to mislead a substantial portion of the public.  To the extent plaintiff is alleging that defendant utilized false and misleading advertisements to attract plaintiff in a manner that had the capacity to deceive Washington State's general labor pool, a viable CPA claim may arise.  To the extent plaintiff is alleging that defendant failed to pay its employees wages, overtime, or mileage as required by the wage laws and/or the agreement of the parties, however, those acts affect only the individuals employed by defendant (between 50 and 295 people, according to plaintiff) and are not likely to deceive a substantial portion of the public.  See May v. Honeywell Int'l, Inc., C05-1957RSM, 2007 WL 1461243 (W.D. Wash. May 15, 2007), aff'd in relevant part, 331 Fed. Appx. 531 (9th Cir. 2009).

With regards to the potentially viable portion of his CPA claim (*i.e.*, that related to deceptive advertisements), defendant argues that plaintiff has failed to allege facts giving rise to a plausible inference of liability.  Pursuant to Fed. R. Civ. P. 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Although the pleading standard set forth in Rule 8 remains unchanged, the Supreme Court's decisions in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554-55 (2007), and Ashcroft v. Iqbal, 556 U.S. 662, 680-81(2009), require plaintiff to present more facts at the pleading stage in order to survive a motion to dismiss.  Construing Rule 8(a) anew, the Supreme Court imposed on plaintiffs the burden of pleading enough facts to raise a right to relief above the speculative level, such that the asserted claim is "plausible."  Twombly, 550 U.S. at 555, 570.

In order to determine whether the allegations of a complaint "show[] that the pleader is entitled to relief" under Rule 8(a), the court now applies a two step process.  First, the court must identify and disregard any allegations that are legal conclusions, as opposed to factual allegations.  In the second step of the analysis, the court must determine whether the factual

ORDER GRANTING DEFENDANT'S MOTION
TO DISMISS AND GRANTING PLAINTIFF'S
REQUEST FOR LEAVE TO AMEND COMPLAINT  -4-

1  allegations that remain give rise to a reasonable inference that the defendant is liable for the
2  misconduct alleged.  Twombly, 550 U.S. at 556; Iqbal, 129 S. Ct. at 1949.  Although detailed
3  factual allegations are not required, the allegations must be "suggestive enough to render [the
4  claim] plausible."  Twombly, 550 U.S. at 555-56.  In order to determine whether a claim rises
5  above the speculative and attains plausibility, courts must consider not only the pleadings and
6  documents that are an integral part of the complaint, but also any "obvious alternative
7  explanation" for defendant's conduct (Twombly, 550 U.S. at 567) based on the court's "judicial
8  experience and common sense" (Iqbal, 129 S. Ct. at 679).  How many supporting facts are
9  necessary to make a claim plausible in light of the other competing explanations must be decided
10 on a case-by-case basis.  Iqbal, 556 U.S. at 680.

11       The only allegations relevant to the elements of the CPA claim are that defendant
12 "advertised pay ranges above the wages actually paid to Plaintiff and Class members" and that
13 these advertisements "were capable of deceiving a substantial portion of the public."  Complaint
14 (Dkt. # 1) at ¶ 61 and ¶ 62.[3]  The second allegation is conclusory and merely parrots the case law
15 regarding "deceptive act."  The first allegation is too vague to raise the claim above the
16 speculative and into the realm of plausibility.  Given the nature of plaintiff's claims, it is not
17 unrealistic to expect him to plead facts regarding how he learned that defendant was hiring, the
18 nature of the communication, what information was conveyed, and why it was misleading or
19 false.  As the allegations currently stand, the Court would have to assume that defendant's
20 advertisement for the truck driver position was deceptive in some way, that defendant posted the
21 job opening in a medium accessible to the general public, and that plaintiff responded to the
22 advertisement.  In the absence of factual allegations regarding the elements of his CPA claim,
23 plaintiff has failed to raise a plausible inference of liability.  The Court declines plaintiff's

---

[3] Other allegations cited by plaintiff refer to terms agreed upon with the drivers at hiring, not to statements made in an attempt to solicit interest in the position and/or to the public at large.

ORDER GRANTING DEFENDANT'S MOTION
TO DISMISS AND GRANTING PLAINTIFF'S
REQUEST FOR LEAVE TO AMEND COMPLAINT  -5-

1 invitation to speculate "that Defendant posts its advertisements on the Internet for all
2 Washington residents to see." Dkt. # 9 at 15.

4     For the foregoing reasons, the Court GRANTS defendant's motion to dismiss the CPA
5 claim (Dkt. # 6). The Court also GRANTS plaintiff's request for leave to amend his complaint
6 (Dkt. # 9) to remedy the pleading deficiencies identified in this order.

    Dated this 21st day of August, 2012.

*[signature]*

Robert S. Lasnik
United States District Judge

ORDER GRANTING DEFENDANT'S MOTION
TO DISMISS AND GRANTING PLAINTIFF'S
REQUEST FOR LEAVE TO AMEND COMPLAINT  -6-