THE HONORABLE ROBERT S. LASNIK

U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

KEVIN HELDE, JON BODILY, and MAX
TENA, on their own behalf and on the behalf
of all others similarly situated,

                    Plaintiffs,

        v.

KNIGHT TRANSPORTATION, INC., an
Arizona corporation,

                    Defendant.

NO. 2:12-cv-00904-RSL

**PLAINTIFFS' MOTION FOR
PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT**

**Noted for Consideration:  May 19, 2017**

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319-5450
www.terrellmarshall.com

# TABLE OF CONTENTS

**Page No.**

I.      INTRODUCTION ..................................................................................................1

II.     STATEMENT OF FACTS ....................................................................................1

    A.      Factual and procedural background....................................................1

    B.      The proposed Settlement .....................................................................4

        1.      The Settlement Class .................................................................4

        2.      Settlement relief .......................................................................4

        3.      Settlement administration and notice .......................................5

III.    ARGUMENT AND AUTHORITY .......................................................................6

    A.      The settlement approval process .........................................................6

    B.      The criteria for settlement are satisfied ..............................................7

        1.      The Settlement is the product of informed and non-collusive negotiations.................................................................................8

        2.      The Settlement Agreement is fair, reasonable, and adequate...................9

            a.      The strength of Plaintiffs' case..................................9

            b.      The risk, expense, complexity, and likely duration of further litigation.......................................................10

            c.      The risk of maintaining class action status through trial.............10

            d.      The amount offered in settlement................................10

            e.      The extent of discovery completed and the stage of the proceedings...............................................................11

            f.      The experience and view of counsel ..........................12

            g.      The presence of a governmental participant...............12

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT - i
CASE NO. 2:12-cv-00904-RSL

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319-5450
www.terrellmarshall.com

h.      The reaction of the class members to the proposed settlement...................................................................12

C.      The Class Representative service awards are reasonable...................................13

D.      The proposed notice program is constitutionally sound......................................13

E.      The scheduling of a final fairness hearing is appropriate...................................14

IV.     CONCLUSION ..........................................................................................................14

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT - ii
CASE NO. 2:12-cv-00904-RSL

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319-5450
www.terrellmarshall.com

1

# TABLE OF AUTHORITIES

2

**Page No.**

3

## FEDERAL CASES

4

5

*Class Plaintiffs v. City of Seattle*,
   955 F.2d 1268 (9th Cir. 1992) ...................................................................6

6

*Dilts v. Penske Logistics LLC*,
   769 F.3d 637 (9th Cir. 2014) ....................................................................2

7

8

*Hanlon v. Chrysler Corp.*,
   150 F.3d 1011 (9th Cir. 1998) ..................................................................7

9

10

*Ikuseghan v. Multicare Health Sys.*,
   No. 3:14-cv-05539-BHS, 2016 WL 3976569 (W.D. Wash. July 25, 2016) ....................8

11

*In re Mego Fin. Corp. Sec. Litig.*,
   213 F.3d 454 (9th Cir. 2000) .................................................................11

12

*In re Omnivision Tech., Inc.*,
   559 F. Supp. 2d 1036 (N.D. Cal. 2008)..................................................11, 12

13

14

*In re Online DVD-Rental Antitrust Litig.*,
   779 F.3d 934 (9th Cir. 2015)..................................................................7, 9

15

16

*In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*,
   227 F.R.D. 553 (W.D. Wash. 2004)...........................................................8

17

18

*Mullane v. Cent. Hanover Bank & Trust Co.*,
   339 U.S. 306 (1950) ...............................................................................13

19

20

*Ortiz v. Fiberboard Corp.*,
   527 U.S. 815 (1999) .................................................................................8

21

22

*Pelletz v. Weyerhaeuser Co.*,
   255 F.R.D. 537 (W.D. Wash. 2009).....................................................12, 13

23

*Phillips Petroleum Co. v. Shutts*,
   472 U.S. 797 (1985) ...............................................................................13

24

25

*Rinky Dink, Inc. v. World Business Lenders*,
   Case No. C14-0268-JCC, 2016 WL 3087073 (W.D. Wash. May 31, 2016) .................11

26

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT - iii
CASE NO. 2:12-cv-00904-RSL

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319-5450
www.terrellmarshall.com

*Rodriguez v. W. Publ'g Corp.*,
    563 F.3d 948 (9th Cir. 2009) ...................................................................................11, 13

*Silber v. Mabon*,
    18 F.3d 1449 (9th Cir. 1994) ...........................................................................................13

## FEDERAL RULES

Fed. R. Civ. P. 23(c)(2) ...........................................................................................................13

## OTHER AUTHORITIES

*Manual for Complex Litigation (Fourth)* §§ 21.632 – 21.634 (2016).......................................6, 7

William B. Rubenstein, *Newberg on Class Actions* § 13.1 (5th ed. 2016 Supp.) .....................6, 7

William B. Rubenstein, *Newberg on Class Actions* § 13.13 (5th ed. 2016 Supp.) ......................7

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT - iv
CASE NO. 2:12-cv-00904-RSL

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319-5450
www.terrellmarshall.com

# I.   INTRODUCTION

Plaintiffs Kevin Helde, Jon Bodily, and Max Tena[1] (Plaintiffs) have reached a Settlement with Defendant Knight Transportation, Inc. (Defendant or Knight). The Settlement requires Knight to pay $1,450,000 to establish a non-reversionary settlement fund for the benefit of Plaintiffs and the 233 Class Members. Subject to Court approval, Plaintiffs will request service awards of $10,000 each from the Settlement Proceeds. If these proposed service awards are approved, the remaining $1,420,000 shall be distributed to Settlement Class Members who do not opt out. Plaintiffs estimate that Class Members will receive more than 100 percent of their total actual damages.

Knight has agreed to pay Class Counsel's attorneys' fees and litigation costs separately from and in addition to the Settlement Class Proceeds. The Court will decide the amount of those fees and costs on Plaintiffs' motion unless the parties are able to reach an agreement as to the total amount before the motion is filed. Knight has also agreed to pay the Settlement Administrator's expenses separate from and in addition to the Settlement Class Proceeds.

For the reasons set forth in this memorandum and the supporting documents, the Settlement is fair, adequate, reasonable, and in the best interests of the Class. Accordingly, Plaintiffs respectfully request that the Court take the following initial steps in the settlement approval process: (1) grant preliminary approval to the Settlement; (2); approve the proposed notice plan; (3) appoint CPT Group to serve as the Settlement Administrator; and (4) schedule the final fairness hearing and related dates.

# II.   STATEMENT OF FACTS

### A.    Factual and procedural background.

Knight is a truckload transportation company that delivers goods throughout the United States and parts of Canada and Mexico. During the Class period of April 19, 2009 to November

---

[1] Plaintiff Tena does not have the capacity to sign the Settlement Agreement as a result of a medical procedure that has impacted his memory and cognition. *See* Declaration of Veneza J. Tena ¶¶ 2-3. Class Counsel discussed the terms of the Settlement with Mr. Tena before his procedure, however, and Mr. Tena supported the terms that have now been finalized in the written Settlement Agreement. *See* Declaration of Toby J. Marshall (Marshall Decl.) ¶ 6.

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT - 1
CASE NO. 2:12-CV-00904-RSL

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319-5450
www.terrellmarshall.com

1  14, 2016, Knight employed 233 Washington-based drivers and paid them on a per-mile basis.

2  Dkt. # 37 at 3, 4; Dkt. # 32 at 46.

3        Plaintiffs allege that Knight engaged in a systematic course of wage and hour abuses

4  against Washington-based truck drivers, abuses that took the following forms: (1) failing to pay

5  drivers minimum wage for their participation in Knight's mandatory orientation program; (2)

6  failing to pay drivers reasonably equivalent overtime compensation when they worked more

7  than 40 hours in a week; (3) taking unlawful deductions and rebates from drivers' wages; (4)

8  failing to pay drivers for all of the miles Knight required them to drive; (5) failing to

9  compensate drivers for the paid rest breaks to which they were entitled, whether received or

10  not; (6) failing to pay drivers the rate increases they have earned; and (7) failing to pay drivers

11  for all of the time they worked, including non-driving work. *See, e.g.,* Dkt. # 37.

12        On October 9, 2013, the Court certified the Class of driver employees for the

13  orientation, advanced payroll deduction, per diem deduction, and non-driving work claims.

14  Dkt. # 95. The Court did not certify Plaintiffs' claim for denied rate increases nor Plaintiffs'

15  claim under the Consumer Protection Act, which was premised on Defendant's failure to

16  comply with Washington's wage and hour laws. *See* Dkt. #37 at 21-23.

17        On October 9, 2013, the Court also granted Defendant's motion for summary judgment,

18  dismissing Plaintiffs' claims for failure to pay overtime, failure to pay for all miles actually

19  driven, and failure to pay for rest breaks. Dkt. # 94. In its decision granting summary judgment

20  to Knight, the Court ruled that Plaintiffs' rest break claims were preempted by the Federal

21  Aviation Administration Authorization Act (FAAAA). Dkt. # 94.

22        After the Court's ruling, the Ninth Circuit held in a similar case that state rest break

23  laws "are not 'related to' prices, routes, or services, and therefore are not preempted by the

24  FAAAA." *Dilts v. Penske Logistics LLC*, 769 F.3d 637, 640 (9th Cir. 2014). Given the

25  intervening change in controlling law, the Court revised its decision and reinstated and certified

26  Plaintiffs' rest break claims. Dkt. # 124. On the same day, the Court also granted Plaintiffs'

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT - 2
CASE NO. 2:12-CV-00904-RSL

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319-5450
www.terrellmarshall.com

1   motion for partial summary judgment establishing that Knight violated Washington law by

2   failing to keep and maintain adequate records regarding hours worked. Dkt. # 125. As a result

3   of Knight's failure to keep accurate records, the Court found Plaintiffs would be entitled to a

4   relaxed burden of proof. *Id*. at 4:10-16 (citing *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S.

5   680, 688 (1946)).

6         In July 2014, the parties attempted the first and second of three mediations. *See*

7   Marshall Decl. ¶ 3. The parties were unsuccessful in their efforts to resolve the case and

8   continued litigating. Among other things, Defendant's moved to decertify and the parties filed

9   cross motions for summary judgment on Plaintiffs' rest break and non-driving work claims.

10  Dkt. ## 126, 145, 147. After conducting extensive informal and formal discovery, thoroughly

11  investigating the facts, researching and analyzing their respective legal positions, and assessing

12  potential damages, Plaintiffs and Defendant engaged in a yet another mediation with the

13  Honorable Paris Kallas (Ret.) on September 6, 2016. *See* Marshall Decl. ¶ 4. Unable to reach a

14  settlement that day, the parties headed toward trial. *See, e.g.*, Dkt. ## 175 – 176, and 180 – 182.

15        During the period of September 2016 to November 2016, the parties engaged in

16  numerous follow-up settlement communications, and those communications ultimately

17  culminated in the parties agreeing to material terms of a settlement on November 9, 2016. Dkt.

18  # 183. As part of the Settlement, the parties agreed to continue the resolution of the rest break

19  claim to January 31, 2017, pending potential legislation. *Id*. When the potential legislation was

20  not enacted by January 31, 2017, the parties commenced finalizing their Settlement into a

21  written agreement, which the parties executed in April 2017. Marshall Decl., Ex. 1.[2]

22        In the Settlement, Knight has agreed to pay Class Counsel's attorneys' fees and

23  litigation costs separately from and in addition to the payment to the Class in an amount to be

24  decided by the Court on Plaintiffs' motion, unless the parties are able to reach an agreement as

25

26  _____

[2] Plaintiffs will supplement the record with the signature page for Defendant's counsel upon receipt and expect to do so tomorrow, May 2, 2017.

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT - 3
CASE NO. 2:12-CV-00904-RSL

1   to the total amount before the motion is filed. The parties therefore continued to separately

2   negotiate Knight's separate payment to Class Counsel for attorneys' fees and costs, but have

3   been unable to reach agreement on that amount. Marshall Decl. ¶ 7.

4         All of the parties' settlement negotiations have been non-collusive and at arm's length.

5   Marshall Decl. ¶¶ 2-45, 7-8. The parties have reached a class action Settlement in this case that

6   Plaintiffs and their counsel believe is fair, adequate, reasonable, and in the best interests of the

7   Class. *Id*. ¶ 8.

8   **B.**    **The proposed Settlement.**

9         The details of the Settlement are contained in the Class Action Settlement Agreement

10   and Release between Plaintiffs and Defendant. *See* Marshall Decl., Ex. 1. For purposes of

11   preliminary approval, the following summarizes the Settlement Agreement's terms.

12         1.    The Settlement Class.

13         The proposed Settlement Class (the "Settlement Class" or "Settlement Class Members")

14   includes all of the 233 Washington-based drivers whom Defendant identified as Class Members

15   in this action. Settlement Agreement § II.A.

16         2.    Settlement relief.

17         Pursuant to the Settlement Agreement, Defendant will pay $1,450,000 to the Settlement

18   Class with no right to reversion (the "Settlement Class Proceeds"). Settlement Agreement

19   § II.B. If approved by the Court, Plaintiffs will each receive a service award of $10,000 from

20   the Settlement Class Proceeds. *Id*. § II.C. The remaining $1,420,000 (the "Net Settlement Class

21   Fund") shall be distributed directly to Settlement Class Members. *Id*. at § II.G. Each award will

22   be based on the Member's aggregate proportional share of the Net Settlement Class Fund as

23   split among the various claims remaining at the time of settlement. *See id*. Assuming the Court

24   approves the requested service awards, Class Counsel estimate that Settlement Class Members

25   will each receive a payment equal to 100 percent of their actual damages plus more than 39

26   percent of interest as calculated through the last mediation. *See* Marshall Decl. ¶ 9. The average

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT - 4
CASE NO. 2:12-cv-00904-RSL

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319-5450
www.terrellmarshall.com

1    payment per Settlement Class Member is expected to be $6,094.42, and the largest single

2    payment is expected to be $33,202.33. *Id*.

3           Defendant has agreed to pay Class Counsel's attorneys' fees and litigation costs

4    separate from and in addition to the Settlement Class Proceeds in an amount to be decided by

5    the Court on Plaintiffs' motion, unless the parties are able to reach an agreement as to the total

6    amount before the motion is filed. Settlement Agreement § II.E. Defendant has also agreed to

7    pay the costs of any Court-approved notice and settlement administration separate from and in

8    addition to the Settlement Class Proceeds. *Id*. § II.D.

9           In exchange for the benefits allowed under the Settlement Agreement, Settlement Class

10   Members will release all claims that arise out of or relate to the allegations brought against

11   Defendant in this lawsuit. *Id*. § III.

12          3.     Settlement administration and notice.

13          As set forth in the Settlement Agreement, the CPT Group will administer the

14   Settlement. *Id*. § II.D. If the Court grants preliminary approval, Plaintiffs will ask the Court to

15   approve a notice program in which the Settlement Administrator will issue notice forms

16   directly to the Settlement Class Members that inform the members of the Settlement

17   Agreement and their rights under it. *Id*. § II. H, Ex. B (the Proposed Notice Form).

18          Notice will be sent to Class Members directly through first class mail and also by

19   electronic mail using the most recent contact information available. *Id*. If a notice is returned as

20   undeliverable with a forwarding address provided by the United States Postal Service, the

21   Settlement Administrator will promptly resend the notice to that forwarding address. *Id*.

22   § II.H.5. If a notice is returned as undeliverable and without a forwarding address, the

23   Settlement Administrator will perform one skip trace and, if it obtains a more recent address,

24   will resend the notice. *Id*.

25          Once the Settlement Administrator completes the mailing of notices to the Settlement

26   Class, members will have thirty days from the date of the initial mailing to opt out of the

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT - 5
CASE NO.: 2:12-cv-00904-RSL

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319-5450
www.terrellmarshall.com

1   Settlement. *Id*. § II.J. Settlement Class Members will have forty days from the date of initial

2   mailing to object to the Settlement. *Id*. § II.K. Once these periods have passed, the Settlement

3   Administrator will mail individual awards to Settlement Class Members as calculated by Class

4   Counsel. *Id*. § II.G. If any of the issued checks remain uncashed after a period of 210 days,

5   those funds will be distributed to the Legal Foundation of Washington. *Id*. § II.G. No funds will

6   revert to Knight.

### III.  ARGUMENT AND AUTHORITY

**A.**    **The settlement approval process.**

9   As a matter of "express public policy," federal courts strongly favor and encourage

10  settlements, particularly in class actions and other complex matters, where the inherent costs,

11  delays, and risks of continued litigation might otherwise overwhelm any potential benefit the

12  class could hope to obtain. *See Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir.

13  1992) (noting the "strong judicial policy that favors settlements, particularly where complex

14  class action litigation is concerned"); *see also* William B. Rubenstein, *Newberg on Class*

15  *Actions* ("Newberg") § 13.1 (5th ed. 2016 Supp.) (citing cases). The traditional means for

16  handling claims like those at issue here — individual litigation — would unduly tax the court

17  system, require a massive expenditure of public and private resources, and, given the small

18  value of the claims of the individual class members, would be wholly impracticable. The

19  proposed Settlement is the best vehicle for Settlement Class Members to receive relief in a

20  prompt and efficient manner.

21  The Manual for Complex Litigation describes a three-step procedure for approval of

22  class action settlements: (1) preliminary approval of the proposed settlement; (2) dissemination

23  of notice of the settlement to all affected class members; and (3) a "fairness hearing" or "final

24  approval hearing," at which class members may be heard regarding the settlement, and at which

25  evidence and argument concerning the fairness, adequacy, and reasonableness of the settlement

26  may be presented. *Manual for Complex Litigation (Fourth)* ("MCL 4th") §§ 21.632 – 21.634,

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT - 6
CASE NO. 2:12-CV-00904-RSL

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319-5450
www.terrellmarshall.com

1  at 433-34 (2016). This procedure safeguards class members' due process rights and enables the
2  court to fulfill its role as the guardian of class interests. *See* Newberg § 13.1.

3       Plaintiffs request that the Court take the first step in the settlement approval process by
4  granting preliminary approval of the proposed Settlement Agreement. The purpose of
5  preliminary evaluation of proposed class action settlements is to determine whether the
6  settlement "is within the range of possible approval" and thus whether notice to the class is
7  worthwhile. Newberg § 13.13. This Court has broad discretion to approve or reject a proposed
8  settlement. *In re Online DVD-Rental Antitrust Litig.* ("*Online DVD-Rental*"), 779 F.3d 934,
9  942, 944 (9th Cir. 2015) (noting standard of review is "clear abuse of discretion" and
10 emphasizing appellate court's review is "extremely limited").

11      The Court's grant of preliminary approval will allow the Settlement Class to receive
12 direct notice of the proposed Settlement Agreement's terms and the date and time of the final
13 approval hearing, at which Settlement Class Members may be heard regarding the Settlement
14 Agreement, and at which time further evidence and argument concerning the Settlement's
15 fairness, adequacy, and reasonableness may be presented. *See* MCL 4th § 21.634.

16 **B.     The criteria for settlement are satisfied.**

17      The court's role at the preliminary approval stage is to ensure that "the agreement is not
18 the product of fraud or overreaching by, or collusion between, the negotiating parties, and that
19 the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." *Hanlon v.*
20 *Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998) (internal quotes and citations omitted); *see*
21 *also Online DVD-Rental*, 779 F.3d at 944 (noting class action settlements "present unique due
22 process concerns for absent class members," including the risk that class counsel "may collude
23 with the defendants") (quoting *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 946
24 (9th Cir. 2010)).

25      Here, the parties engaged in arm's-length, non-collusive negotiations to reach the
26 Settlement Agreement. Moreover, all factors that courts consider when evaluating settlements

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT - 7
CASE NO. 2:12-cv-00904-RSL

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319-5450
www.terrellmarshall.com

1  indicate that it is fair, reasonable, and adequate. Thus, the Settlement should be preliminarily

2  approved.

3        1.        The Settlement is the product of informed and non-collusive negotiations.

4        "Arm's length negotiations conducted by competent counsel constitute *prima facie*

5  evidence of fair settlements." *Ikuseghan v. Multicare Health Sys.*, No. 3:14-cv-05539-BHS,

6  2016 WL 3976569, *3 (W.D. Wash. July 25, 2016); *see also Ortiz v. Fiberboard Corp.*, 527

7  U.S. 815, 852 (1999) ("one may take a settlement amount as good evidence of the maximum

8  available if one can assume that parties of equal knowledge and negotiating skill agreed upon

9  the figure through arms-length bargaining…."); *see also In re Phenylpropanolamine (PPA)*

10  *Prods. Liab. Litig.*, 227 F.R.D. 553, 567 (W.D. Wash. 2004) (approving settlement entered into

11  in good faith, following arm's-length and non-collusive negotiations).

12        The Settlement Agreement here is the result of intensive, arm's-length negotiations

13  between experienced attorneys who are highly familiar with class action litigation in general

14  and with the legal and factual issues of this case in particular. Marshall Decl. ¶¶ 2-5, 7-8.

15  Counsel for both parties are particularly experienced in the litigation, certification, trial and

16  settlement of wage and hour class actions. *Id*. ¶¶ 11-18. In negotiating this Settlement,

17  Plaintiffs' counsel had the benefit of many years of prior experience combined with knowledge

18  of the facts and law of this case. *Id*.

19        The parties participated in three mediations and months of arm's-length negotiations

20  resulting in the detailed Settlement Agreement that was signed by the parties in April 2017.

21  Marshall Decl. ¶¶ 2-5, 7-8. Before agreeing to the Settlement, the parties extensively

22  investigated and briefed the relevant facts and law based on all of the information necessary to

23  determine the size of the class, the potential scope of damages, and the risks associated with

24  pending motions and a trial on the merits of the claims. *Id*. Indeed, by the time the parties

25  reached an agreement to settle, the parties were actively preparing for trial. *Id*. Plaintiffs and

26

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT - 8
CASE NO. 2:12-cv-00904-RSL

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319-5450
www.terrellmarshall.com

1   their counsel are fully informed and support the resulting Settlement as fair, and as providing

2   reasonable relief to the Settlement Class Members. *See id.* ¶ 8.

3       2.      The Settlement Agreement is fair, reasonable, and adequate.

4       To assess a settlement proposal, courts must balance the strength of the plaintiffs' case;

5   the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining

6   class action status throughout the trial; the amount offered in settlement; the extent of discovery

7   completed and the state of the proceedings; the experience and views of counsel; the presence

8   of a governmental participant; and the reaction of the class members to the proposed

9   settlement. *Online DVD-Rental*, 779 F.3d at 944 (9th Cir. 2015). Even at this preliminary stage

10  all of these factors favor settlement approval.

11          a.      *The strength of Plaintiffs' case.*

12      Plaintiffs and their counsel are confident in the strength of Plaintiffs' case but also

13  pragmatic in their awareness of the risks inherent in litigation and the various defenses

14  available to Knight. The reality that Settlement Class Members could end up recovering only a

15  fraction of their claimed damages or losing some claims at trial was significant enough to

16  convince Plaintiffs and their counsel that the Settlement reached with Knight outweighs the

17  gamble and expense of further litigation.

18      The Court had certified this case as a Class and granted Plaintiffs summary judgment

19  on their rest break claim, leaving for trial (1) rest break damages; (2) liability and damages on

20  Plaintiffs' orientation, advanced payroll deduction, per diem deduction, and non-driving work

21  claims; and (3) whether Defendant acted willfully. One of the primary disagreements during

22  the negotiations was the proper calculation of rest break damages, and Plaintiffs faced the risk

23  that a jury would not accept their expert's calculations. Moreover, Plaintiffs faced the risk of

24  losing their rest break claim entirely if lobbyists in the trucking industry were successful in

25  pushing for amendment of the FAAAA. For years that industry has sought an amendment to

26  the FAAAA that would result in state law on paid rest breaks being preempted by the FAAAA

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT - 9
CASE NO. 2:12-CV-00904-RSL

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319-5450
www.terrellmarshall.com

1    and such amendment having retroactive effect. If such an amendment to the FAAAA became

2    law, Defendant could have argued for retroactive application even if Plaintiffs succeeded at

3    trial. Moreover, even if Plaintiffs were to win everything at trial, including a finding of

4    willfulness, any recovery could be delayed for years by an appeal. The Settlement obtained

5    provides substantial monetary benefits to the Settlement Class without further expense and

6    delay.

7            b.      *The risk, expense, complexity, and likely duration of further litigation.*

8            Litigation would be lengthy and expensive if this action were to proceed. Although trial

9    was imminent at the time the parties reached the Settlement, the case was far from over.

10   Defendant almost certainly would have appealed any judgment in Plaintiffs' favor, and

11   Settlement Class Members would likely not have received any relief for years. This Settlement

12   avoids these risks and provides immediate and certain relief.

13           c.      *The risk of maintaining class action status through trial.*

14           The parties heavily litigated the issue of class certification, including Plaintiffs' initial

15   motion, Defendant's motion to decertify, the Court's revised decision to reinstate and certify

16   Plaintiffs' rest break claims, and in relation to multiple motions for partial summary judgment.

17   *See* Dkt. ## 37, 51, 114, 126, 145, 147. Defendant has strenuously denied that class

18   certification was appropriate and could have moved to decertify once the evidence was in at

19   trial. For example, if Defendant persuaded the Court that the testimony presented at trial was

20   not sufficiently "representative," Plaintiffs would have faced the risk that each individual Class

21   Member would have to file his or her own individual lawsuit. *See, e.g.,* Dkt. ## 175.

22           d.      *The amount offered in settlement.*

23           The Settlement Agreement provides substantial monetary relief—payment of

24   $1,450,000 by Defendant. Settlement Agreement § II.B. All Settlement Class Members who do

25   not timely opt out will receive 100 percent of their estimated actual damages on all claims that

26   remained at the time of Settlement plus more than 39 percent of interest on those damages.

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT - 10
CASE NO. 2:12-cv-00904-RSL

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319-5450
www.terrellmarshall.com

1    These percentages are substantially above the percentage recoveries obtained in settlements

2    approved by other courts. *See, e.g., Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 965 (9th Cir.

3    2009) (approving settlement amounting to 30 percent of the damages estimated by the class

4    expert; court noted that even if the plaintiffs were entitled to treble damages that settlement

5    would be approximately 10 percent of the estimated damages); *In re Mego Fin. Corp. Sec.*

6    *Litig.*, 213 F.3d 454, 459 (9th Cir. 2000) (approving a settlement estimated to be worth between

7    1/6 and ½ of the plaintiffs' estimated loss); *In re Omnivision Tech., Inc*., 559 F. Supp. 2d 1036,

8    1042 (N.D. Cal. 2008) (approving settlement amounting to nine percent of estimated total

9    damages).

10        The funds distributed to the Settlement Class Members will be allocated in a manner

11   that is fair and reasonable, and no segment of the Settlement Class is excluded from relief or

12   consigned to inferior benefits. Plaintiffs will request service awards of $10,000 each. If the

13   Court approves the requested service awards, the remaining $1,420,000 will be distributed

14   directly to Settlement Class Members with no reversion to Defendant. Each Settlement Class

15   Member's share will be based on the Member's actual damages as calculated by Class

16   Counsel's expert. *See* Settlement Agreement § II.E. It is unnecessary for Settlement Class

17   Members to submit claims in order to recover.

18        e.    *The extent of discovery completed and the stage of the proceedings.*

19        "A key inquiry is whether the parties had enough information to make an informed

20   decision about the strength of their cases and the wisdom of settlement." *Rinky Dink, Inc. v.*

21   *World Business Lenders*, Case No. C14-0268-JCC, 2016 WL 3087073, *3 (W.D. Wash. May

22   31, 2016). Class Counsel thoroughly analyzed the factual and legal issues involved in this case.

23   Marshall Decl. ¶¶ 2-5, 7-8. Class Counsel propounded written discovery, sent subpoenas, and

24   reviewed thousands of documents. *Id*. Class Counsel deposed Defendant's designated agent

25   and learned essential information about Defendant's policies and practices. *Id*. After obtaining

26   Defendant's available payroll and hours data, Counsel worked with an expert to analyze that

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT - 11
CASE NO. 2:12-cv-00904-RSL

1    data and calculate damages. Plaintiffs had obtained certification and summary judgment on

2    their rest break claim at the time this case settled. Only trial remained. Class Counsel were well

3    informed about the strengths and weaknesses of their case at the time Settlement was reached.

4    This factor favors settlement.

5              f.       *The experience and view of counsel.*

6              Where class counsel is qualified and well informed, their opinion that a settlement is

7    fair, reasonable, and adequate is entitled to significant weight. *See Pelletz v. Weyerhaeuser Co.*,

8    255 F.R.D. 537, 543 (W.D. Wash. 2009); *see also In re Omnivision Technologies, Inc.*, 559 F.

9    Supp. 2d at 1043 (quoting *Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 622 (N.D. Cal. 1979))

10   ("The recommendations of plaintiffs' counsel should be given a presumption of

11   reasonableness.").

12             Here, Class Counsel are particularly experienced in litigating wage and hour class

13   actions, and have a keen understanding of the legal and factual issues involved in this case. *See*

14   Marshall Decl. ¶¶ 2-18. Class Counsel believe the Settlement is fair, reasonable, adequate, and

15   in the best interest of the Settlement Class as a whole. *Id.* ¶ 8.

16             g.       *The presence of a governmental participant.*

17             No government agency is a party to this action. In compliance with the notice provision

18   of CAFA 28 U.S.C. § 1715, however, notice of the Settlement will be provided to the United

19   States Attorney General, and the Attorney General of Washington. *See* Settlement Agreement

20   § II.I. Plaintiffs will address any objects raised by a governmental entity at the time of final

21   approval.

22             h.       *The reaction of the class members to the proposed settlement.*

23             A positive response to a settlement by the class—as evidenced by a small percentage of

24   opt-outs and objections—will further support final approval. *See Pelletz*, 255 F.R.D. at 543.

25   Plaintiffs will analyze this factor when they file their response papers regarding any objections

26   to the Settlement.

1

### C.   The Class Representative service awards are reasonable.

2

Subject to the Court's approval, the Settlement Agreement provides that the named

3

Plaintiffs may be paid a reasonable service award of $10,000 each. Settlement Agreement at

4

§ II.C. Service awards that serve as premiums in addition to any claims-based recovery from

5

the settlement promote the public policy of encouraging individuals to undertake the

6

responsibility of representative lawsuits. *See Rodriguez*, 563 F.3d at 958–59 (9th Cir. 2009). A

7

stipend may also be appropriate to "compensate class representatives for work done on behalf

8

of the class, to make up for financial or reputational risk undertaken in bringing the action, and,

9

sometimes, to recognize their willingness to act as a private attorney general." *Id.* at 958.

10

Unlike unnamed Settlement Class Members, who will enjoy the benefits of Plaintiffs' efforts

11

without taking any personal action, Plaintiffs responded to Defendant's discovery requests; had

12

their depositions taken; remained in contact with the attorneys throughout nearly five years of

13

litigation; worked with counsel in regard to settlement negotiations; and committed themselves

14

to all the rigors of litigation in the event the case did not settle. Marshall Decl. ¶ 10.

The proposed service awards are reasonable in light of the Plaintiffs' efforts and time

15

expended supporting the litigation as well as the substantial relief obtained. *See, e.g., Pelletz*,

16

592 F. Supp. 2d at 1329-30 & n.9 (approving $7,500 service awards and collecting decisions

17

approving awards ranging from $5,000 to $40,000).

18

### D.   The proposed notice program is constitutionally sound.

19

To protect the class members' rights, the Court must provide them with the best notice

20

practicable regarding the proposed settlement. Fed. R. Civ. P. 23(c)(2).[3] The best practicable

21

notice is that which is "reasonably calculated, under all the circumstances, to apprise interested

22

parties of the pendency of the action and afford them an opportunity to present their

23

objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

24

25

---

[3] *See also Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 811-12 (1985) (provision of "best notice practicable"

26

under the circumstances with description of the litigation and explanation of opt-out rights satisfies due process);
*Silber v. Mabon*, 18 F.3d 1449, 1454 (9th Cir. 1994) (holding "[w]e do not believe that *Shutts* changes the
traditional standard for class notice from 'best practicable' to 'actually received' notice").

---

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT - 13
CASE NO. 2:12-CV-00904-RSL

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319-5450
www.terrellmarshall.com

1    Settlement Class Members can and have been reasonably identified through Knight's

2    own records, which contain information on all employees within the statutory time period,

3    including each person's last known phone number and address. The parties propose sending

4    Notice in the form attached as Exhibit B to the Settlement Agreement directly via First Class

5    mail to Class Members. *See* Settlement Agreement at § II.H, Ex. B.

6    The language of the proposed Notice is plain and easily understood, providing neutral

7    and objective information about the nature of the Settlement. *See id*. The Notice includes the

8    definition of the Settlement Class, a statement of each Settlement Class member's rights, an

9    explanation of how Settlement Class Members can object to the Settlement, and methods for

10   contacting Plaintiffs' counsel and obtaining more information. *See id*.

11   Plaintiffs submit that the notice program outlined in the Settlement Agreement is the

12   best practicable notice under the circumstances of this case, and will be highly effective.

13   **E.      The scheduling of a final fairness hearing is appropriate.**

14   The last step in the settlement approval process is a final fairness hearing at which the Court

15   may hear all evidence and argument necessary to make its final evaluation. Proponents of the

16   Settlement may explain the terms and conditions of the Settlement and offer argument in support of

17   final approval. In addition, Settlement Class Members, or their counsel, may be heard in support of

18   or in opposition to the Settlement Agreement. After this hearing, the Court will determine whether

19   the Settlement should be finally approved, and whether to enter a final order and judgment.

20   Plaintiffs request that the Court set a date for a hearing on final approval at the Court's convenience

21   at least 105 days after an order preliminarily approving the Settlement Agreement is entered.

22   **IV.  CONCLUSION**

23   For all of the foregoing reasons, Plaintiffs respectfully request that the Court: (1) grant

24   preliminary approval to the Settlement; (2); approve the proposed notice plan; (3) appoint CPT

25   Group to serve as the Settlement Administrator; and (4) schedule the final fairness hearing and

26   related dates.

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT - 14
CASE NO. 2:12-cv-00904-RSL

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319-5450
www.terrellmarshall.com

1    RESPECTFULLY SUBMITTED AND DATED this 1st day of May, 2017.

2                                    TERRELL MARSHALL LAW GROUP PLLC

3                                    By:  /s/ Toby J. Marshall, WSBA #32726
                                          Toby J. Marshall, WSBA #32726
4                                         Email:  tmarshall@terrellmarshall.com
                                          Erika L. Nusser, WSBA #40854
5                                         Email:  enusser@terrellmarshall.com
6                                         936 North 34th Street, Suite 300
                                          Seattle, Washington  98103-8869
7                                         Telephone:  (206) 816-6603
                                          Facsimile: (206) 319-5450
8

9                                         Hardeep S. Rekhi, WSBA #34579
                                          Email:  hardeep@rekhiwolk.com
10                                        Gregory A. Wolk, WSBA #28946
                                          Email:  greg@rekhiwolk.com
11                                        REKHI & WOLK, P.S.
12                                        529 Warren Avenue North, Suite 201
                                          Seattle, Washington  98109
13                                        Telephone:  (206) 388-5887
                                          Facsimile:  (206) 577-3924
14

15                                   *Attorneys for Plaintiffs*

16

17

18

19

20

21

22

23

24

25

26

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT - 15
CASE NO. 2:12-CV-00904-RSL

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1

<u>CERTIFICATE OF SERVICE</u>

2

    I, Toby J. Marshall, hereby certify that on May 1, 2017, I electronically filed the

3

foregoing with the Clerk of the Court using the CM/ECF system which will send notification of

4

such filing to the following:

5

        Stellman Keehnel, WSBA #9309

6

        Email:  stellman.keehnel@dlapiper.com
        Anthony Todaro, WSBA #30391

7

        Email: Anthony.todaro@dlapiper.com
        Jeffrey DeGroot, WSBA #46839

8

        Email:  jeffrey.degroot@dlapiper.com
        DLA PIPER LLP

9

        701 Fifth Avenue, Suite 7000

10

        Seattle, Washington  98104-7044
        Telephone:  (206) 839-4800

11

        Facsimile:  (206) 839-4801

12

        Eric S. Beane, *Admitted Pro Hac Vice*

13

        Email: eric.beane@dlapiper.com
        DLA PIPER LLP

14

        1999 Avenue of the Stars, Suite 400
        Los Angeles, California 90067-6023

15

        Telephone: (310) 595-3005
        Facsimile: (310) 595-3305

16

17

        *Attorneys for Defendant*

18

    DATED this 1st day of May, 2017.

19

          TERRELL MARSHALL LAW GROUP PLLC

20

21

          By:  _/s/ Toby J. Marshall, WSBA #32726_
            Toby J. Marshall, WSBA #32726

22

            Email:  tmarshall@terrellmarshall.com
            936 North 34th Street, Suite 300

23

            Seattle, Washington  98103-8869
            Telephone:  (206) 816-6603

24

            Facsimile: (206) 319-5450

25

        *Attorneys for Plaintiffs*

26

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT - 16
CASE NO. 2:12-cv-00904-RSL

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319-5450
www.terrellmarshall.com