THE HONORABLE ROBERT S. LASNIK

# U.S. DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KEVIN HELDE, JON BODILY, and MAX TENA, on their own behalf and on the behalf of all others similarly situated,<br><br>  Plaintiffs,<br><br>  v.<br><br>KNIGHT TRANSPORTATION, INC., an Arizona corporation,<br><br>  Defendant. | NO. 2:12-cv-00904-RSL<br><br>**PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>**Noted for Consideration:**<br><br>**Thursday, October 19, 2017, 9:00 a.m.**<br>**700 Stewart Street**<br>**Courtroom 15106**<br>**Seattle, Washington  98101** |

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT
CASE NO. 2:12-CV-00904-RSL

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319-5450
www.terrellmarshall.com

# TABLE OF CONTENTS

**Page No.**

I. INTRODUCTION ..................................................................................................1

II. STATEMENT OF FACTS ....................................................................................2

III. AUTHORITY AND ARGUMENT .......................................................................3

    A. The Settlement satisfies the criteria for final approval ..........................4

        1. The strength of Plaintiffs' case ...................................................4

        2. The risk, expense, complexity, and likely duration of further litigation ..................................................................................5

        3. The risk of maintaining class action status through trial ...........5

        4. The amount offered in settlement ..............................................6

        5. The extent of discovery completed and stage of proceedings ...6

        6. The experience of counsel supports final approval ...................7

        7. The presence of a governmental participant .............................7

        8. The reaction of Settlement Class Members ..............................7

    B. Settlement Class Members received the best notice practicable ..........8

    C. Plaintiffs' request for incentive awards should be granted ...................9

    D. Class Counsel's attorneys' fees request should be approved ...............9

IV. CONCLUSION ....................................................................................................10

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT - i
CASE NO. 2:12-CV-00904-RSL

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319-5450
www.terrellmarshall.com

# TABLE OF AUTHORITIES

**Page No.**

### FEDERAL CASES

*Churchill Vill., L.L.C. v. Gen. Elec.*,
  361 F.3d 566 (9th Cir. 2004) ......................................................................... 3, 4

*Garner v. State Farm Auto Ins. Co.*,
  No. CV 08 1365 CW (EMC), 2010 WL 1687832 (N.D. Cal. April 22, 2010) ............... 7

*Hanlon v. Chrysler Corp.*,
  150 F.3d 1011 (9th Cir. 1988) ............................................................................ 3

*In re Mego Fin. Corp. Sec. Litig.*,
  213 F.3d 454 (9th Cir. 2000) .............................................................................. 6

*In re Mercury Interactive Corp. Sec. Litig.*,
  618 F.3d 988 (9th Cir. 2010) .............................................................................. 8

*In re Omnivision Tech., Inc.*,
  559 F. Supp. 2d 1036 (N.D. Cal. 2008) ............................................................ 6, 7

*In re Online DVD-Rental Antitrust Litig.*,
  779 F.3d 934 (9th Cir. 2015) .............................................................................. 3

*Pelletz v. Weyerhaeuser Co.*,
  255 F.R.D. 537 (W.D. Wash. 2009) ..................................................................... 7

*Pelletz v. Weyerhaeuser Co.*,
  592 F. Supp. 2d 1322 (W.D. Wash. 2009) ............................................................ 9

*Radcliffe v. Experian Info. Solutions*,
  715 F.3d 1157 (9th Cir. 2013) ............................................................................ 9

*Rodriguez v. W. Publ'g Corp.*,
  563 F.3d 948 (9th Cir. 2009) ........................................................................... 6, 9

*Shames v. Hertz Corp.*,
  No. 07 CV-2174, 2012 WL 5392159 (S.D. Cal. Nov 05, 2012) .................................. 6

*Tadepalli v. Uber Techs., Inc.*,
  No. 15-CV-04348-MEJ, 2016 WL 1622881 (N.D. Cal. Apr. 25, 2016) ........................ 7

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT - ii
CASE NO. 2:12-CV-00904-RSL

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

**OTHER AUTHORITIES**

*Manual for Complex Litigation* (Fourth) § 21.61 (2015) ............................................................. 4

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT - iii
CASE NO. 2:12-CV-00904-RSL

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319-5450
www.terrellmarshall.com

## I. INTRODUCTION

Plaintiffs Kevin Helde, Jon Bodily, and Max Tena respectfully request that the Court grant final approval of the class action settlement they reached with Defendant Knight Transportation, Inc. ("Knight" or "Defendant"). Plaintiffs believe the settlement, which establishes a $1,450,000 non-reversionary settlement fund for the benefit of the Class, is fair, adequate, reasonable, and in the best interests of the Settlement Class. Indeed, the Settlement is an excellent result for Settlement Class Members, who will receive payments equal to 100% of their actual damages plus more than 39% of the interest that accrued on those damages. The reaction of the Class to the Settlement appears to be positive, as more than a dozen Class Members have expressed support and no Member has thus far objected or asked to be excluded.

Settlement Administrator CPT Group Class Action Administrators ("CPT") successfully implemented the notice program, providing direct notice to 100% of the Settlement Class. CPT and Class Counsel have also fielded calls from the Class, and Plaintiffs have maintained a settlement website through which Settlement Class Members can access case documents and stay apprised of deadlines. The notice program has reached every member of the Class, is the best notice practicable under the circumstances, and satisfies due process.

For the reasons set forth in this memorandum and in the papers previously submitted in support of settlement approval, the Settlement is fair, adequate, reasonable, and in the best interests of the Class. Accordingly, Plaintiffs respectfully request that the Court grant final approval of the Settlement by: (1) finding the Settlement to be fair, adequate, and reasonable; (2) determining that adequate notice was provided to the Class; and (3) approving incentive awards of $10,000 each for the class representatives.[1]

---

[1] Knight has agreed to pay Class Counsel's attorneys' fees and litigation costs separately from and in addition to the Settlement Class Proceeds. Dkt. # 188, Exhibit 1 (hereinafter, the "Settlement Agreement") § II.E. The parties have agreed that the Court will decide the amount of those fees and costs on Plaintiffs' motion. *Id*.; *see also* Dkt. ## 192 – 196. The Settlement is not contingent on the amount of fees and costs awarded by the Court.

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT - 1
CASE NO. 2:12-CV-00904-RSL

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

## II. STATEMENT OF FACTS

On May 24, 2017, this Court granted Plaintiffs' motion for preliminary approval of the Settlement the parties reached in this class action lawsuit. Dkt. # 191. The Settlement requires Knight to pay $1,450,000 to establish a non-revisionary fund (the "Settlement Proceeds") for the benefit of the "Settlement Class," which is made up of the 233 Washington-based drivers whom Knight identified as Class Members in this action. *See* Settlement Agreement § II.A.

The Settlement Agreement provides that all Settlement Class Members who do not timely opt-out will receive a pro rata share of the Settlement Class Proceeds. *Id.* § II.B. If approved by the Court, Plaintiffs will each receive a service award of $10,000 from the Settlement Class Proceeds. *Id.* § II.C. The remaining $1,420,000 (the "Net Settlement Class Fund") shall be distributed directly to Settlement Class Members. *Id.* at § II.G. Each award will be based on the Member's aggregate proportional share of the Net Settlement Class Fund as split among the various claims remaining at the time of settlement. *See id.* Plaintiffs estimate that Class members will receive payments equal to 100% of their actual damages, plus more than 39% of the interest that accrued on those damages. Dkt. # 194 ¶ 20. The average payment per Class member is expected to be $6,094.42, and the largest single payment is expected to be $33,202.33. *Id.*

After the Court granted preliminary approval, the Settlement Administrator, CPT commenced the notice program. Pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715, CPT sent notice of the settlement to the U.S. Attorney General and the attorneys' general of all states in which any Class Member resides. *See* Declaration of Melinda Vang ("CPT Decl."), Ex. A.

CPT mailed 233 court-approved settlement notices to Settlement Class Members. *Id.* ¶ 3, Ex. B. Prior to mailing, the names and addresses were updated using a National Change of Address ("NCOA") database. *Id.* CPT received 32 notices returned by the USPS as undeliverable, one of which had a forwarding address and CPT performed a "skip trace" search and found new addresses for the other 31 returned notices. *Id.* CPT then re-mailed notices to

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT - 2
CASE NO. 2:12-CV-00904-RSL

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319-5450
www.terrellmarshall.com

the updated addresses. *Id*. As of June 14, 2017, CPT has mailed all 233 notices and none have been returned. *Id*. ¶ 7. In CPT's opinion, the notice program is the best notice practicable. *Id*. ¶ 8.

CPT established a toll-free telephone number dedicated to answering calls from Settlement Class Members. *Id*. ¶¶ 5 – 6. In addition, Class Counsel established a website dedicated to the settlement.[2] The settlement website provides answers to frequently-asked questions and access to settlement documents and key pleadings. *Id*.

The reaction of Settlement Class Members to this Settlement appears to be positive so far. *See* Declaration of Gregory A. Wolk in Support of Plaintiffs' Motion for Final Approval of Class Action Settlement (Wolk Decl.) at ¶ 3. The deadline for opting out of or objecting to the Settlement is July 5, 2017. To date, no Settlement Class Members have objected or opted out. CPT Decl. ¶¶ 9 – 10.

### III. AUTHORITY AND ARGUMENT

The approval process for a class action settlement takes place in three stages. *See Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004) (describing the three-stage settlement approval process). The Court has granted preliminary approval of the settlement and notice has been sent. Thus, the first two stages are complete. The Court now must determine whether, in light of all the information learned during the first two stages, final approval is warranted. *See id.*

This Court has broad discretion to approve or reject a proposed settlement. *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 942, 944 (9th Cir. 2015) (noting standard of review is "clear abuse of discretion" and emphasizing appellate court's review is "extremely limited"). When considering a motion for final approval of a class action settlement under Rule 23, a court must determine whether the settlement is "fundamentally fair." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1988). A settlement merits final approval, when "the interests of

---

[2] *See* www.heldevknightsettlement.com.

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT - 3
CASE NO. 2:12-CV-00904-RSL

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

the class as a whole are better served by the settlement than by further litigation." *Manual for Complex Litigation* (Fourth) ("MCL 4th") § 21.61, at 421–22 (2015).

**A.     The Settlement satisfies the criteria for final approval.**

In deciding whether to grant final approval to a class action settlement, courts consider several factors, including: (1) the strength of the Plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a government participant; and (8) the reaction of the class members to the proposed settlement. *Churchill*, 361 F.3d at 575. All of these factors support settlement approval here.

1.     <u>The strength of Plaintiffs' case.</u>

Plaintiffs continue to believe they have a very strong case but are also pragmatic in their awareness of the risks inherent in litigation. At the time the case settled, the Court had certified the Class and granted Plaintiffs summary judgment on their rest break claim, leaving for trial the issues of (1) rest break damages; (2) liability and damages on Plaintiffs' orientation, advanced payroll deduction, per diem deduction, and non-driving work claims; and (3) whether Knight acted willfully. One of the primary disagreements during the negotiations was the proper calculation of rest break damages, and Plaintiffs faced the risk that a jury would not accept their expert's calculations. Another primary disagreement centered on the legality of Knight's per diem compensation scheme. Knight successfully defended its practice in a similar lawsuit brought on behalf of Oregon-based drivers and was preparing to mount a similar defense here. Finally, Knight vehemently denied that its conduct was willful.

The reality that Settlement Class Members could end up recovering less in damages than Plaintiffs' expert had calculated or losing some claims at trial was significant enough to convince Plaintiffs and their counsel that the Settlement reached with Knight outweighs the gamble and expense of further litigation.

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT - 4
CASE NO. 2:12-CV-00904-RSL

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319-5450
www.terrellmarshall.com

2. <u>The risk, expense, complexity, and likely duration of further litigation.</u>

Litigation would be lengthy and expensive if this action were to proceed. Although trial was imminent at the time the parties reached the Settlement, the case was far from over. Knight almost certainly would have appealed any judgment in Plaintiffs' favor, and Settlement Class Members would likely not have received any relief for years. Such a delay would have increased the risk that Plaintiffs would lose their rest break claim entirely if lobbyists in the trucking industry were successful in pushing for amendment of the Federal Aviation Administration Authorization Act (FAAAA). For years, that industry has sought an amendment to the FAAAA that would result in state law on paid rest breaks being preempted by the FAAAA and such amendment having retroactive effect. If such an amendment to the FAAAA became law, Knight could have argued for retroactive application even if Plaintiffs succeeded at trial. This Settlement avoids these risks and provides immediate and certain relief.

3. <u>The risk of maintaining class action status through trial.</u>

The parties heavily litigated the issue of class certification, including in relation to Plaintiffs' initial motion to certify, Plaintiffs' motion to reinstate the rest break claims, Knight's motion to decertify, and multiple motions for partial summary judgment. See Dkt. ## 37, 51, 114, 126, 145, 147. Knight has strenuously denied that class certification was appropriate and likely would have moved again to decertify once the evidence was in at trial. Indeed, the Central District of California recently denied certification to a class of truck drivers for claims regarding rest periods outside of California, finding the court would need to make individualized determinations regarding the application of California law to work drivers performed outside of California. *See Mares v. Swift Transp. Co. of Az., LLC*, No. CV 15-7920-VAP (KKx) (C.D. Cal. May 23, 2017). While Plaintiffs anticipate the Court would have rejected decertification a second time, there was nevertheless a continued risk of decertification at trial or on appeal.

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT - 5
CASE NO. 2:12-CV-00904-RSL

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

4. <u>The amount offered in settlement.</u>

The Settlement Agreement requires Knight to pay $1,450,000. These Settlement Class Proceeds will be used to pay Settlement Class Members after deducting Class representative incentive awards in the total requested amount of $10,000 each as approved by the Court. If the Court approves the requested incentive awards, the remaining $1,420,000 will be distributed directly to Settlement Class Members. *See* Settlement Agreement § II.G.

The amount that of each Settlement Class Members award is based on the Member's aggregate proportional share of the Net Settlement Class Fund as split among the various claims remaining at the time of settlement. *See id*. All Settlement Class Members who do not timely opt out will receive 100 percent of their estimated actual damages on those claims plus more than 39 percent of the interest that accrued on those damages. Dkt. # 194 ¶ 20. These percentages are substantially above the percentage recoveries obtained in settlements approved by other courts. *See, e.g., Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 965 (9th Cir. 2009) (approving settlement amounting to 30 percent of the damages estimated by the class expert; court noted that even if the plaintiffs were entitled to treble damages that settlement would be approximately 10 percent of the estimated damages); *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000) (approving a settlement estimated to be worth between 1/6 and ½ of the plaintiffs' estimated loss); *In re Omnivision Tech., Inc.*, 559 F. Supp. 2d 1036, 1042 (N.D. Cal. 2008) (approving settlement amounting to nine percent of estimated total damages). Thus, this element supports final approval.

5. <u>The extent of discovery completed and stage of proceedings.</u>

Courts consider the extent of discovery completed and the stage of the proceedings in determining whether a class action settlement is fair, adequate and reasonable. *Shames v. Hertz Corp.,* No. 07 CV-2174, 2012 WL 5392159, at *6 (S.D. Cal. Nov 05, 2012). This case settled just before trial after five years of hotly-contested litigation during which Plaintiffs conducted written discovery, reviewed thousands of pages of documents, conducted a Rule 30(b)(6) deposition, certified a class, defended a decertification motion and multiple motions for

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT - 6
CASE NO. 2:12-CV-00904-RSL

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319-5450
www.terrellmarshall.com

summary judgment, prevailed on multiple motions for partial summary judgment, and prepared all materials necessary for trial. Dkt. # 194 ¶¶ 2 – 20. Entering mediation, both parties were well informed about the strengths and weaknesses of their respective cases, and a settlement was only reached after discussions that followed two formal mediations. *Id*. Plaintiffs were well informed of the strength and weaknesses of their case, and they agreed to settle only because the Settlement best serves the Class. *Id*.

6. <u>The experience of counsel supports final approval.</u>

Where Class Counsel is qualified and well informed, their opinion that a settlement is fair, reasonable, and adequate is entitled to significant weight. *See Pelletz v. Weyerhaeuser Co.*, 255 F.R.D. 537, 543 (W.D. Wash. 2009). Here, Class Counsel are highly experienced class action litigators. Dkt. # 193 ¶¶ 8 – 31; Dkt. # 194 ¶¶ 21 – 29. Class Counsel believe the proposed settlement is fair, reasonable, adequate, and in the best interest of the Class. Dkt. # 188 ¶ 8.

7. <u>The presence of a governmental participant.</u>

CPT notified the U.S. Attorney General, and the attorneys' general of all states in which any Class Member resides. CPT Decl. ¶ 2, Ex. A. Not a single government entity has objected to the settlement or sought to intervene. Thus, this factor weighs in favor of settlement approval. *See Garner v. State Farm Auto Ins. Co.*, No. CV 08 1365 CW (EMC), 2010 WL 1687832, *14 (N.D. Cal. April 22, 2010).

8. <u>The reaction of Settlement Class Members.</u>

A positive class response to a settlement—as evidenced by a small percentage of opt-outs and objections—supports final approval. *See Pelletz*, 255 F.R.D. at 543-44; *Tadepalli v. Uber Techs., Inc.*, No. 15-CV-04348-MEJ, 2016 WL 1622881, at *8 (N.D. Cal. Apr. 25, 2016) (quoting *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d at 1043) (observing "the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members"). To

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT - 7
CASE NO. 2:12-CV-00904-RSL

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

date, no Settlement Class Members have objected or opted out. In fact, more than a dozen Class Members have contacted Class Counsel and have expressed support and indicated a general belief that this is a very good outcome. Wolk Decl. ¶ 3.

The deadline for objecting or opting out of the Settlement is July 5, 2017. If necessary, Plaintiffs will analyze this factor further after the deadline has passed.

**B.      Settlement Class Members received the best notice practicable.**

In preliminarily approving the Settlement, this Court determined that the notice program in this case meets the requirements of due process and applicable law, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all individuals entitled thereto. Dkt. No. 191 ¶¶ 9 – 13. This notice program was fully implemented by the independent administrator, CPT. *See generally* CPT Decl.

The class notice and notice process approved by this Court and implemented by CPT adequately informed Settlement Class Members of the nature of the action and these proceedings, the terms of the proposed settlement, the effect of the action and release of these claims, the right to exclude themselves from the action, and their right to object to the proposed settlement, as required for final approval of class under Federal Rule of Civil Procedure 23 and in compliance with *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 994 (9th Cir. 2010).

The notice program successfully reached Settlement Class Members. CPT estimates that notice has reached 100% of Settlement Class Members and, according to the experienced settlement administrator, the notice "constitutes the best notice practicable and satisfies due process." CPT Decl. ¶¶ 7 – 8.

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT - 8
CASE NO. 2:12-cv-00904-RSL

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

**C.      Plaintiffs' request for incentive awards should be granted.**

Plaintiffs' requested incentive awards, which promote the public policy of encouraging individuals to undertake the responsibility of representative lawsuits, should be approved. *See Rodriguez*, 563 F.3d at 958–59 (9th Cir. 2009) (finding service awards may also be appropriate to "compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general."). Plaintiffs request incentive awards not to exceed $10,000 each for Class representatives Kevin Helde, Jon Bodily, and Max Tena, all of whom assisted counsel, answered written discovery, sat for depositions, participated in settlement negotiations, and were prepared to testify at trial. Dkt. # 188 ¶ 10. Plaintiffs' support of the settlement is independent of any service award and not conditioned on the Court awarding any particular amount or any award at all. *See Radcliffe v. Experian Info. Solutions*, 715 F.3d 1157, 1164 (9th Cir. 2013) (finding incentive award must not "corrupt the settlement by undermining the adequacy of the class representatives and class counsel").

Plaintiffs' requested service awards are appropriate and in line with awards approved by this Court. *See, e.g., Pelletz v. Weyerhaeuser Co.*, 592 F. Supp. 2d 1322, 1329–30 & n.9 (W.D. Wash. 2009) (approving $7,500 service awards and collecting decisions approving awards ranging from $5,000 to $40,000).

**D.      Class Counsel's attorneys' fees request should be approved.**

Knight has agreed to pay Class Counsel's attorneys' fees and litigation costs separately from and in addition to the Settlement Class Proceeds. Settlement Agreement § II.E. The Court will decide the amount of those fees and costs on Plaintiffs' motion. *Id*. Plaintiffs submitted their Motion for Award of Attorneys' Fees and Reimbursement of Litigation Costs on June 7, 2017. Dkt. ## 192 – 196. Knight's response is due on June 19, 2017, and Plaintiffs reply will be filed on June 23, 2017.

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT - 9
CASE NO. 2:12-CV-00904-RSL

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

## IV. CONCLUSION

For all these reasons, Plaintiffs respectfully request that the Court enter an Order (1) approving the Settlement Agreement; (2) determining that adequate notice was provided to the Settlement Class; and (3) approving service awards of $10,000 each for Plaintiffs Helde, Bodily, and Tena.

RESPECTFULLY SUBMITTED AND DATED this 14th day of June, 2017.

TERRELL MARSHALL LAW GROUP PLLC


By: /s/ Toby J. Marshall, WSBA #32726
  Toby J. Marshall, WSBA #32726
  Email: tmarshall@terrellmarshall.com
  Erika L. Nusser, WSBA #40854
  Email: enusser@terrellmarshall.com
  936 North 34th Street, Suite 300
  Seattle, Washington 98103-8869
  Telephone: (206) 816-6603
  Facsimile: (206) 319-5450

  Hardeep S. Rekhi, WSBA #34579
  Email: hardeep@rekhiwolk.com
  Gregory A. Wolk, WSBA #28946
  Email: greg@rekhiwolk.com
  REKHI & WOLK, P.S.
  529 Warren Avenue North, Suite 201
  Seattle, Washington 98109
  Telephone: (206) 388-5887
  Facsimile: (206) 577-3924

*Attorneys for Plaintiffs*

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT - 10
CASE NO. 2:12-CV-00904-RSL

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

<u>CERTIFICATE OF SERVICE</u>

I, Toby J. Marshall, hereby certify that on June 14, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> Stellman Keehnel, WSBA #9309
> Email:  stellman.keehnel@dlapiper.com
> Anthony Todaro, WSBA #30391
> Email: Anthony.todaro@dlapiper.com
> Jeffrey DeGroot, WSBA #46839
> Email:  jeffrey.degroot@dlapiper.com
> DLA PIPER LLP
> 701 Fifth Avenue, Suite 7000
> Seattle, Washington  98104-7044
> Telephone:  (206) 839-4800
> Facsimile:  (206) 839-4801
>
> Eric S. Beane, *Admitted Pro Hac Vice*
> Email: eric.beane@dlapiper.com
> DLA PIPER LLP
> 1999 Avenue of the Stars, Suite 400
> Los Angeles, California 90067-6023
> Telephone: (310) 595-3005
> Facsimile: (310) 595-3305
>
> *Attorneys for Defendant*

DATED this 14th day of June, 2017.

> TERRELL MARSHALL LAW GROUP PLLC
>
>
> By:  /s/ Toby J. Marshall, WSBA #32726
>     Toby J. Marshall, WSBA #32726
>     Email:  tmarshall@terrellmarshall.com
>     936 North 34th Street, Suite 300
>     Seattle, Washington  98103-8869
>     Telephone:  (206) 816-6603
>     Facsimile: (206) 319-5450
>
> *Attorneys for Plaintiffs*

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT - 11
CASE NO. 2:12-CV-00904-RSL

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com