UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KEVIN HELDE, JON BODILY, and MAX TENA, on their own behalf and on the behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>KNIGHT TRANSPORTATION, INC.,<br><br>Defendant. | Case No. C12-0904RSL<br><br>**ORDER REGARDING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND LITIGATION COSTS** |

This matter came before the Court on "Plaintiffs' Motion for Award of Attorneys' Fees and Reimbursement of Litigation Costs." Dkt. # 192. The Court, having considered the memoranda, declarations, and exhibits submitted by the parties and having heard the arguments of counsel, finds as follows:

The settlement in this case was structured so that the fees are completely separate from the settlement fund out of which plaintiffs will be compensated. Under state law, the prevailing party in a lawsuit seeking unpaid wages is entitled to an award of reasonable attorney's fees, keeping in mind the remedial purposes of the wage statutes.

ORDER REGARDING PLAINTIFFS' MOTION FOR
ATTORNEYS' FEES AND LITIGATION COSTS - 1

Plaintiffs seek an award of $1,401,612 in attorney's fees and $64,308.05 in litigation costs. Class counsel spent 3,045.63 hours on the case at rates ranging from $50 for a legal assistant to $475 for the senior partner on the case. Counsel reduced the total number of hours by 20.06% to account for time spent on unsuccessful claims, and the reduced fee amount was adjusted upwards by 50% as recognition of the contingent nature of success and the quality of the work performed. Bowers v. Transamerica Title Ins. Co., 100 Wn.2d 581, 598-99 (1983).

Defendant argues that the number of hours should be reduced by 45%, rather than 20.06%, and that counsel have been adequately compensated for the risk of loss and/or the superior quality of the services rendered through hourly rates that are near the top end of what is reasonable in this market. Defendants propose a fee of $572,320.84 and an award of costs of $51,864.93.

The Court finds that the number of hours expended in this litigation is reasonable. The case was filed in 2012 and has been extremely hard fought. Plaintiffs had to respond to a motion to dismiss and a motion for summary judgment before successfully certifying the class. Although some claims were dismissed, plaintiffs obtained a summary determination that Knight had failed to keep records and convinced the Court that their rest break claim should be reinstated based on a 2014 Ninth Circuit decision. Plaintiffs had to stave off an effort to decertify the class, and then researched and briefed complicated issues of state law on summary judgment. The case settled a few weeks before trial. Both the number of hours expended and the reductions related to

unsuccessful claims are reasonable. The Court also finds that counsels' hourly rates are reasonable given their expertise, their locale, and the difficulty of this area of practice. Class counsel's loadstar is $934,408.17.

The Court finds that some upward adjustment of the lodestar amount is warranted to compensate counsel for the risk that the case would be dismissed and no payment would be received for the thousands of hours of work they did. That risk was significant in this litigation, and fully compensating for that risk will make it more likely that attorneys will be willing to vindicate worker rights under the state's wage laws. Contrary to defendant's argument, the risk of failure is not ameliorated by charging current hourly rates for all hours worked during this five-year litigation. That mechanism reimburses counsel for the fact that they were not being paid in a timely manner: it essentially recoups the lost time value of the money. The Court finds that a 25% enhancement to compensate for the contingent nature of success in this litigation is appropriate.

The quality of the work performed, despite being of the highest caliber, does not require an additional enhancement. Counsel's hourly rates are near the top of what the market will bear in this area and presumably reflect the extraordinary knowledge, creativity, experience, and care counsel apply to assist their clients. In addition, class counsel's billing practices capture not only attorney and paralegal time, but also time billed by legal assistants and others whose time is less commonly compensated, much less subject to a multiplier.

For all of the foregoing reasons, the Court awards attorney's fees in the amount of $1,168,010.21 to class counsel. The Court also awards reimbursement of reasonable litigation costs in the amount of $64,308.05. Defendant is to pay the attorney's fees and costs to the Trust Account of Terrell Marshall Law Group PLLC within ten days of the date of this Order.

Dated this 26th day of October, 2017.

*Robert S. Lasnik* (signature)
Robert S. Lasnik
United States District Judge